**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| GEORGE GILBERT HILL, III, | ) | Case No. 4:25-cv-1408 |
| | ) | |
| Petitioner, | ) | Judge J. Philip Calabrese |
| | ) | |
| v. | ) | Magistrate Judge |
| | ) | James E. Grimes, Jr. |
| SHELBIE SMITH, Warden, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

## <u>ORDER</u>

Before the Court is the Magistrate Judge's Report and Recommendation (ECF No. 16) in this habeas action. The Magistrate Judge recommends that the Court deny the petition for a writ of habeas corpus. (*Id.*, PageID #1248.)

In his report and recommendation, the Magistrate Judge summarized the factual and procedural history of the case. (*Id.*, PageID #1215–24.) In short, George Gilbert Hill, III was convicted of two counts of murder, one count of felonious assault, and one count of domestic violence. (*Id.*, PageID #1220.) The State trial court determined that all four counts merged for purposes of sentencing, and the State proceeded on count two for murder. (*Id.*, PageID #1221.) Mr. Hill was sentenced to a term of imprisonment of fifteen years to life. (*Id.*) Petitioner unsuccessfully challenged his conviction on direct appeal and through collateral proceedings in State court before commencing this action. (*Id.*, PageID #1221–23.)

Petitioner asserts four grounds for relief. (ECF No. 1, PageID #8–16.) With respect to ground one (challenging the manifest weight of the evidence), the

Magistrate Judge recommends denying the claim as not cognizable in part and otherwise meritless because Mr. Hill fails to show how the evidence was constitutionally insufficient to support his conviction. (ECF No. 16, PageID #1230–40.) With respect to ground two (contesting the admissibility of certain bad acts evidence) and ground four (challenging the admission of certain photographs at trial), the Magistrate Judge recommends denying the claims as not cognizable because Mr. Hill failed to explain how any State-law evidentiary rulings rise to the level of due process violations. (*Id.*, PageID #1240–41.) With respect to ground three (challenging the constitution of the jury pool), the Magistrate Judge recommends denying this claim on the merits because Mr. Hill "makes no argument" that the appellate court's decision regarding the racial makeup of the jury pool "was contrary to or involved an unreasonable application of relevant Supreme Court precedent." (*Id.*, PageID #1246; *see also id.*, PageID #1242–48.)

The report and recommendation was issued on March 11, 2026 (ECF No. 22) and mailed to Petitioner the same day. The report and recommendation stated that any objections were due fourteen days after service and advised Petitioner that failure to timely object may waive the right to appeal the Court's order. (*Id.*, PageID #1248.) On March 20, 2026, Petitioner moved for an extension of time to file objections to the report and recommendation. (ECF No. 19.) The Court granted the motion and extended the filing deadline to April 27, 2026. (ECF No. 20, PageID #1290.) Nonetheless, Petitioner has failed to object to the Magistrate Judge's report and recommendation.

Under the law of this Circuit, "failure to object to a magistrate judge's Report and Recommendation results in a *waiver* of appeal on that issue as long as the magistrate judge informs parties of that potential waiver."  *United States v. Wandahsega*, 924 F.3d 868, 878 (6th Cir. 2019) (emphasis added); *United States v. Walters*, 638 F.2d 947, 949–50 (6th Cir. 1981); *see also Thomas v. Arn*, 474 U.S. 140, 152 (1985) (holding that the Sixth Circuit's waiver rule is within its supervisory powers and "[t]here is no indication that Congress, in enacting § 636(b)(1)(C), intended to require a district judge to review a magistrate's report to which no objections are filed").

The Sixth Circuit has clarified this rule:  failure to object is not a waiver, but a forfeiture.  *Berkshire v. Beauvais*, 928 F.3d 520, 530 (6th Cir. 2019) ("We clarify that forfeiture, rather than waiver, is the relevant term here.").  This is so because "[w]aiver is different from forfeiture."  *United States v. Olano*, 507 U.S. 725, 733 (1993); *Freytag v. Commissioner*, 501 U.S. 868, 894 n.2 (1991) (Scalia, J., concurring) (noting the Supreme Court's cases "often used [waiver and forfeiture] interchangeably," but that "[t]he two are really not the same.").  This difference matters because forfeited issues may, in certain circumstances, nevertheless "be considered on appeal."  *Berkshire*, 928 F.3d at 530 (citing *Harris v. Klare*, 902 F.3d 630, 635–36 (6th Cir. 2018)).

In any event, the time for filing objections to the report and recommendation has passed.  Petitioner neither objected, nor provided some legitimate reason why he failed to do so.  Further, upon the Court's independent review of the record, there

does not appear to be clear error in the Magistrate Judge's Report and Recommendation.

## CERTIFICATE OF APPEALABILITY

Without a certificate of appealability, a habeas petitioner cannot appeal a final order in a habeas proceeding. 28 U.S.C. § 2253(c)(1)(A).  A court may issue a certificate of appealability only if the petitioner makes "a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  This means that the petitioner must show that reasonable jurists could find the district court's determination of the relevant constitutional claims debatable or incorrect.  *Tennard v. Dretke*, 542 U.S. 274, 282 (2004). The petitioner need not show that the appeal will succeed.  *Miller-El v. Cockrell*, 537 U.S. 322, 337 (2003).

Based on this standard, Petitioner does not qualify for a certificate of appealability.  "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist [cannot] conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further. In such a circumstance, no appeal would be warranted." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).  Because the majority of Petitioner's claims present evidentiary questions of State law that are not cognizable in federal habeas review, and because Petitioner presented no argument on the remaining claim under Section 2254, Petitioner is not entitled to a certificate of appealability.

**CONCLUSION**

For the foregoing reasons, the Court **ADOPTS** the Report and Recommendation (ECF No. 16), **DISMISSES** the action **WITH PREJUDICE**, and **DECLINES** to issue a certificate of appealability under 28 U.S.C. § 2253(c).

**SO ORDERED.**

Dated:  July 29, 2026

_____
J. Philip Calabrese
United States District Judge
Northern District of Ohio