**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| GEORGE GILBERT HILL, III, | ) | Case No. 4:25-cv-1408 |
| | ) | |
| Petitioner, | ) | Judge J. Philip Calabrese |
| | ) | |
| v. | ) | Magistrate Judge |
| | ) | James E. Grimes, Jr. |
| SHELBIE SMITH, Warden, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

**<u>OPINION AND ORDER</u>**

Previously, the Court denied Petitioner George Gilbert Hill, III's application for a writ of habeas corpus. Then, Petitioner moved for reconsideration of that determination. After consideration of the complicated procedural background, the Court **GRANTS IN PART** Petitioner's motion for reconsideration and issues an Amended Order but leaves its judgment in place.

**PROCEDURAL BACKGROUND**

Petitioner filed a petition for a writ of habeas corpus. (ECF No. 1.) On November 21, 2025, Respondent filed her return of writ. (ECF No. 9.) On December 18, 2025, Petitioner moved for an extension of time to file a traverse. (ECF No. 10). The Magistrate Judge granted the motion and extended the filing deadline to February 19, 2026. (*See* Order, December 18, 2026.)

On December 29, 2025, Petitioner moved to expand the record and for an order directing Respondent to supplement the record. (ECF No. 11.) The motion did not include a request to stay or further extend the deadline to file a traverse. Respondent

opposed the motion (ECF No. 13), and the Magistrate Judge denied it on February 9, 2026 (ECF No. 14). Nine days after the Magistrate Judge's Order denying the motion, the Clerk filed Petitioner's reply in support of his motion to expand the record. (ECF No. 15.) The reply appears to be dated February 3, 2026. (*Id.*, PageID #1211.)

On March 11, 2026, twenty days after Petitioner's deadline to file a traverse, the Magistrate Judge issued a report and recommendation that the Court deny habeas relief. (ECF No. 16.) In his report and recommendation, the Magistrate Judge summarized the factual and procedural history of the case. (*Id.*, PageID #1215–24.) In short, Mr. Hill was convicted of two counts of murder, one count of felonious assault, and one count of domestic violence. (*Id.*, PageID #1220.) The State trial court determined that all four counts merged for purposes of sentencing, and the State proceeded on count two for murder. (*Id.*, PageID #1221.) Mr. Hill was sentenced to a term of imprisonment of fifteen years to life. (*Id.*) Petitioner unsuccessfully challenged his conviction on direct appeal and through collateral proceedings in State court before commencing this action. (*Id.*, PageID #1221–23.) The report and recommendation was issued on March 11, 2026 (ECF No. 22) and mailed to Petitioner the same day. The report and recommendation stated that any objections were due fourteen days after service and advised Petitioner that failure to timely object may waive the right to appeal the Court's order. (*Id.*, PageID #1248.)

Also on March 11, 2026, Petitioner filed a reply in support of his motion to expand the record. (ECF No. 17.) This reply appears to duplicate the substance of the one filed earlier, on February 18, 2026. (ECF No. 15.) Each is dated January 3,

2026 (*compare* ECF No. 15, PageID #1211, *with* ECF No. 17, PageID #1261.) The second one received at the Court includes a copy of the Magistrate Judge's Order dated February 9, 2026 denying Petitioner's motion to expand the record. (ECF No. 17, PageID #1265–68.)

On March 20, 2026, Petitioner moved for an extension of time to file objections to the Report and Recommendation. (ECF No. 19.) The Court granted the motion and extended the filing deadline to April 27, 2026. (ECF No. 20, PageID #1290.)

On March 31, 2026, Petitioner filed a motion for reconsideration of the Magistrate Judge's report and recommendation dated March 11, 2026 recommending that the Court deny habeas relief. (ECF No. 21.) On April 6, 2022, the Magistrate Judge denied the motion for reconsideration. (ECF No. 22.)

Then, Petitioner objected to the Magistrate Judge's Order denying reconsideration. (ECF No. 23.) Although styled as an objection directed at the Magistrate Judge's report and recommendation on the merits, Petitioner addresses his arguments to the issuance of the recommendation (1) "before the final disposition of the pending request to expand the record"; (2) based on an incomplete State-court record; and (3) acting while his request to expand the record remained pending. (*Id.*, PageId #1318 & #1320–21.) On July 30, 2026, the Court overruled Petitioner's objections. (ECF No. 24.) Therefore, the Court adopted the report and recommendation and denied the habeas petition. (ECF No. 25.)

On August 27, 2026, Petitioner filed a motion for reconsideration. (ECF No. 27.) In his latest motion for reconsideration, Petitioner seeks reconsideration of

the Court's Order adopted the report and recommendation of the Magistrate Judge and denying habeas relief.

* * *

In short, Petitioner sought to expand the record. On February 9, 2026, the Magistrate Judge denied that motion. (ECF No. 14.) One month later, on March 11, 2026, the Magistrate Judge issued his report and recommendation that the Court deny the habeas petition. (ECF No. 16.) Then, Petitioner sought reconsideration of that report and recommendation based on the arguments he previously made regarding expansion of the record. When the Magistrate Judge denied reconsideration, Petitioner objected to the Order denying his motion to expand the record. But he did not object to the report and recommendation that the Court deny the writ.

## ANALYSIS

A court may alter or amend the judgment where there is a clear error of law, newly discovered evidence, or an intervening change in controlling law or to prevent manifest injustice. *GenCorp, Inc. v. American Int'l Underwriters*, 178 F.3d 804, 834 (6th Cir. 1999) (citations omitted). Such relief constitutes an extraordinary remedy reserved for exceptional cases. *Hines v. Commissioner of Soc. Sec.*, 414 F. Supp. 3d 1080, 1081 (S.D. Ohio 2019) (citations omitted). It is not an opportunity to re-argue matters or "to raise arguments which could, and should, have been made before judgment issued." *Sault Ste. Marie Tribe of Chippewa Indians v. Engler*, 146 F.3d 367, 374 (6th Cir. 1998) (quoting *Federal Deposit Ins. Corp. v. World Univ. Inc.*, 978

F.2d 10, 16 (1st Cir. 1992)). Against this high standard, Petitioner points to an "obvious error in facts" and the need to prevent a manifest injustice.

## I. Obvious Errors

Petitioner contends that the Court committed an obvious error when it failed to appreciate that the motion he filed for reconsideration of the Magistrate Judge's report and recommendation tolled the deadline to object to the report and recommendation that the Court deny his habeas petition. (ECF No. 27, PageID #1337.) No error occurred. The procedural timeline shows that the Magistrate Judge issued his report and recommendation on the merits of the habeas petition on March 11, 2026. (ECF No. 16.) The report and recommendation advised that objections were due 14 days after service. (*Id.*, PageID #1248.) The Court extended that deadline to April 27, 2026. (ECF No. 20.) But Mr. Hill did not file objections to the report and recommendation by that date. Instead, he sought reconsideration of the report and recommendation. (ECF No. 21.)

Even if that action tolled the specific deadline the Court set for objections, a proposition which the Court rejects, the Magistrate Judge ruled on the motion for reconsideration on April 6, 2026. (ECF No. 22.) That left more than 14 days from the date of that ruling for Mr. Hill to comply with the April 27 deadline that the Court set. Petitioner points out that his objection to the Magistrate Judge's denial of reconsideration is dated April 22, 2026. (ECF No. 27, PageID #1338; *see also* ECF No. 23, PageID #1322.) In this regard, in its Opinion and Order dated July 30, 2026, the Court already considered Petitioner's objections to the denial of his motion for

reconsideration (ECF No. 24, PageID #1326) and found that those objections lacked merit (*id.*, PageID #1327–28).

Further, Petitioner contends that he filed objections on May 4, 2026 (served on April 22, 2026 by operation of the mailbox rule) (*see* ECF No. 23, PageID #1322), on which the Court has yet to rule (ECF No. 27, PageID #1338–39). But the document Petitioner identifies as an objection to the Magistrate Judge's report and recommendation on the merits is titled an objection to the Magistrate Judge's order dated April 6, 2026 denying reconsideration of that report and recommendation. (ECF No. 23, PageID #1316.) An objection to a ruling denying reconsideration is not the same thing as an objection to the report and recommendation itself. In any event, this objection addresses the issues Petitioner raised about the traverse, the argument that this habeas action had an incomplete record from the State courts, and the claim that the Magistrate Judge acted contrary to law by depriving him of the opportunity to challenge his conviction. (*Id.*, PageID #1317–22.) Contrary to Petitioner's claim that his objection to the report and recommendation "is still pending on the Court docket, undecided" (ECF No. 27, PageID #1339), as already noted, the Court specifically ruled on that objection and determined that it lacked merit (ECF No. 24, PageID #1326–28).

Finally, Petitioner claims that the Court erred when "it failed to consider his objection on the Rule 59(e) motion denial relating to the March 11, 2026 report and recommendation." (ECF No. 27, PageID #1339.) In other words, this argument restates the prior claim. It fails for the same reasons.

## II. Manifest Injustice

Although Mr. Hill argues that reconsideration is necessary to prevent a manifest injustice, he fails to develop an argument to that effect. Therefore, it is waived. To the extent he seeks reconsideration on the basis that the denial of the writ works a manifest injustice, the Court disagrees. Previously, the Court considered Mr. Hill's objections docketed on May 4, 2026 (ECF No. 23) and found that they lacked merit (*see* ECF No. 24). If anything, manifest injustice counsels against giving Petitioner multiple opportunities through various procedural vehicles to challenge the Magistrate Judge's report and recommendation. In any event, on this record, Petitioner fails to meet the standard under 28 U.S.C. § 2254(d) for the issuance of a writ of habeas corpus.

## CONCLUSION

For the foregoing reasons, the Court **DENIES** Petitioner's motion for reconsideration. (ECF No. 27.) Previously, the Court overruled Petitioner's objections to the Magistrate Judge's report and recommendation. (ECF No. 23.) Accordingly, the Court will issue a separate Amended Opinion and Order to clarify that fact.

**SO ORDERED.**

Dated: September 1, 2026

J. Philip Calabrese
United States District Judge
Northern District of Ohio